*1024394732*

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA }
CLEVELAND COUNTY } S.S.
FILED In The
Office of the Court Clerk

APR 17 2014

| DOCKET | PAGE | RECORDED |

Rhonda Hall, Court Clerk

_____ DEPUTY

| VIRGINIA LEE TROSPER, TRUSTEE OF | ) |
| VIRGINIA LEE TROSPER REVOCABLE | ) |
| TRUST | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| *versus* | ) |
| | ) |
| SHELTER MUTUAL INSURANCE COMPANY, | ) |
| NICHOLAS LEE BEST, and | ) |
| RICKY A. DESPAIN, INC. | ) |
| | ) |
| Defendants. | ) |

Case No.

CJ-14-422 TB

## PETITION

**COMES NOW** the Plaintiff, VIRGINIA LEE TROSPER, TRUSTEE OF

VIRGINIA LEE TROSPER REVOCABLE TRUST (hereinafter "Plaintiff"), and for her

causes of action against Defendants, SHELTER MUTUAL INSURANCE COMPANY,

NICHOLAS LEE BEST (hereinafter collectively referred to as "SHELTER MUTUAL"

and "BEST"), and RICKY A. DESPAIN, INC. (hereinafter "DESPAIN") and hereby

states as follows:

## STATEMENT OF FACTS

1.  Plaintiff is a resident of Norman, Cleveland County, Oklahoma. Plaintiff has an

    insurable interest in the property located at 212-214 Harvard Road, Norman, OK

    73072.

2.  Defendant, SHELTER MUTUAL is a corporation incorporated under the laws of

    the State of Missouri, and is an insurance company registered to engage in the

    business of insurance in the state of Oklahoma.

3.  Defendant, DESPAIN is an insurance agency incorporated under the laws of the

1

State of Oklahoma, having his principal place of business in Cleveland County, Oklahoma.

4.      Defendant, BEST, upon information and belief, is a licensed insurance adjuster in the state of Oklahoma. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiff's claim. This Defendant is an individual that was hired as an adjuster by one or more other Defendants herein.

5.      Plaintiff entered into a contract for insurance with Defendant, SHELTER MUTUAL to provide coverage for her property. Plaintiff's insured property is located in Cleveland County, Oklahoma.

6.      Plaintiff purchased her policy of insurance through the offices of Defendant, DESPAIN.   At the time Plaintiff purchased the policy of insurance with Defendant, SHELTER MUTUAL, the Defendant, DESPAIN was an agent and/or an ostensible agent of Defendant, SHELTER MUTUAL.

7.      Defendant, DESPAIN was familiar with Plaintiff and has served as Plaintiff's primary insurance agent for its insurance needs.      Defendant, SHELTER MUTUAL advised Plaintiff of the need to maintain replacement cost coverage on her property.

8.      Plaintiff relied on Defendant, DESPAIN's representations and purchased the same.   Plaintiff trusted and believed Defendant, DESPAIN had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiff requested.

9.      Thereafter, Defendant, SHELTER MUTUAL issued the Apartment

Owners/Rental Dwelling policy of insurance, Policy No. 35-79-3433304-9, to the Plaintiff.

10.   Defendant, SHELTER MUTUAL represented to the Plaintiff, directly and through its agent, Defendant, DESPAIN, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiff relied on said representations.

11.   On or about April 17, 2013, the property insured by Plaintiff under the subject apartment owners/rental dwelling Insurance Policy was severely damaged as a direct result of a hailstorm.

12.   Plaintiff timely and properly submitted a claim to Defendant, SHELTER MUTUAL for the property damage incurred due to the hailstorm.

13.   Defendant, SHELTER MUTUAL confirmed that the cause of Plaintiff's property damage claim was due to hailstorm and that the loss was covered under the terms and conditions of the Apartment Owners/Rental Dwelling Insurance Policy with Defendant, SHELTER MUTUAL. Defendant, SHELTER MUTUAL assigned a claim number of AO0000001077071.

### STATUTORY AUTHORITY

14.   This suit is being brought, in part, under the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; and the Oklahoma Consumer Protection Act, 15 Oka. Stat. §753.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

15.   Plaintiff adopts and incorporates by reference paragraphs 1 through 14 above as if fully plead herein, and for further claims against the Defendant, SHELTER

MUTUAL and alleges as follows:

16.     Plaintiff entered into a contract for insurance with Defendant, SHELTER MUTUAL to provide coverage for her property.

17.     At all times material hereto, the Dwelling policy of insurance, Policy No. 35-73-3433304-9, was in full force and effect.

18.     Plaintiff provided timely and proper notice of her claims of property damage resultant from the April 17, 2013, hailstorm.

19.     Plaintiff has complied with the terms and conditions and all conditions precedent under the policy of insurance.

20.     This notwithstanding, the Defendant, SHELTER MUTUAL has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits owed.

21.     As a result of the Defendant, SHELTER MUTUAL'S breach of contract the Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

22.     The conduct of Defendant, SHELTER MUTUAL was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### SECOND CAUSE OF ACTION
### BAD FAITH

23.     Plaintiff adopts and incorporates by reference paragraphs 1 through 22 above as if fully plead herein, and for further claims against the Defendants, SHELTER MUTUAL and BEST and alleges as follows:

4

24.    Defendant, SHELTER MUTUAL and Defendant, BEST owed a duty to Plaintiff to deal faily and act in good faith.

25.    Defendant, SHELTER MUTUAL and Defendant, BEST breached their duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

    a.    Failing to pay the full and fair amount for the property damage sustained by Plaintiff during the April 17, 2013, hailstorm in accordance with the terms and conditions of the insurance poilcy.

    b.    Failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of the insurance policy

    c.    Reducing the fair amount of Plaintiff's claims unfairly and without a valid basis.

    d.    Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiff under the terms and conditions of the insurance policy.

    e.    Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim.

    f.    Forcing Plaintiff to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

    g.    Failing to conduct a fair and objective investigation of the damage to Plaintiff's property.

    h.    Intentionally engaging in an outcome oriented investigation.

5

i.      Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiff and other similarly situated insureds as a cost-saving mechanism.

26.      Defendant, SHELTER MUTUAL'S and Defendant, BEST'S obligations to the Plaintiff arise from both express written terms under the insurance policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

27.      Defendant, SHELTER MUTUAL'S and Defendant, BEST'S failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

28.      Defendant, SHELTER MUTUAL'S and Defendant, BEST'S conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

29.      As a direct and proximate result of Defendant, SHELTER MUTUAL'S and Defendant, BEST'S unfair claims handling conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, SHELTER MUTUAL.

30.      As a result of Defendant, SHELTER MUTUAL'S and Defendant, BEST'S conduct the Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

31.      The conduct of Defendant, SHELTER MUTUAL and Defendant, BEST was

intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

32.    Plaintiff further alleges Defendant, SHELTER MUTUAL enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiff.

### THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

33.    Plaintiff adopts and incorporates by reference paragraphs 1 through 32 above as if fully plead herein, and for further claims against the Defendants and alleges as follows:

34.    Due to the unequal bargaining power between Plaintiff and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupiously exploit that power at a time when Plaintiff was most vulnerable, a special relationship akin to that of a fiduciary duty exists between Plaintff and Defendants.

35.    As a result of the special relationship, Defendants owed a fiduciary duty to their insured to act in a manner consistent with the best interests of their insured.

36.    A fiduciary duty existed between Plaintiff and Defendant, DESPAIN. The overwhelming influence of Defendant, DESPAIN over Plaintiff, and Plaintiff's dependency and trust in her insurance agent, and Defendant, DESPAIN'S assurance he could procure the insurance policy Plaintiff requested creates a fiduciary status.

7

37.   Given the specialized knowledge the Defendant, DESPAIN possessed with regard to the terms and conditions of the insurance policy, the Defendant, DESPAIN'S duty to act reasonably created such a special relationship so as to make the Defendant, DESPAIN a fiduciary.

38.   The Defendants breached their fiduciary duties owed to the Plaintiff.

39.   As a result of Defendants' breach of fiduciary duties, Plaintiff sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

40.   The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

41.   Plaintiff adopts and incorporates by reference paragraphs 1 through 40 above as if fully plead herein, and for further claims against the Defendants and alleges as follows:

42.   Defendant, DESPAIN was familiar with Plaintiff and had been hired as Plaintiff's primary insurance agent for her property insurance needs.   In this capacity, Defendant, DESPAIN advised Plaintiff of the need to purchase and maintain the more expensive replacement cost coverage so that her residential property would be replaced in the event of damage or destruction to her property by a covered loss.

43.   Plaintiff relied upon Defendant, DESPAIN'S representations and annually

purchased the suggested coverage by paying a higher premium each year.

44.   Defendant, DESPAIN procured the subject replacement cost policy for Plaintiff.

45.   At all times relevant hereto, the Defendant, DESPAIN was an agent and/or an ostensible agent of Defendant, SHELTER MUTUAL.

46.   Defendant, DESPAIN owed Plaintiff a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiff, and in the notification of insurance coverage options to the Plaintiff.

47.   Defendant, DESPAIN had a duty to inform Plaintiff of all coverages, benefits, limitations and exclusions in the coverage procured.

48.   Defendant, DESPAIN breached his duty owed to Plaintiff and is liable to the Plaintiff because the insurance requested by Plaintiff was not procured as promised and Plaintiff suffered a loss.

49.   Defendant, DESPAIN breached his duty owed to Plaintiff by:

    a.   Procuring an insurance policy that did not serve to fully replace her property when it was damaged or destroyed by a covered peril.

    b.   Procuring an insurance policy that did not accurately reflect the reasonable expectations of the Plaintiff.

    c.   Failing to inform Plaintiff of the limitations of the insurance policy procured for Plaintiff.

    d.   Procuring an insurance policy that did not comply with the Plaintiff's reasonable expectations.

50.   Defendant, DESPAIN was negligent and breached his duty owed to Plaintiff by failing to review the policy procured for Plaintiff to ensure it provided appropriate

and adequate coverage.

51.    Plaintiff reasonably believed the insurance policy procured and mainained by
       Defendant, DESPAIN was in conformity to her agreement with Defendant,
       DESPAIN.

52.    Plaintiff relied upon Defendant, DESPAIN to procure and maintain appropriate
       and adequate coverage.

53.    Defendant, DESPAIN knew or should have known Plaintiff relied upon him to
       procure appropriate and adequate coverage, and it is foreseeable that the failure to
       procure appropriate and adequate coverage for Plaintiff could unnecessarily
       expose Plaintiff to significant harm, losses and damages.

54.    The Defendant, DESPAIN was an agent and/or an ostensible agent of Defendant,
       SHELTER MUTUAL, and Defendant SHELTER MUTUAL is vicariously liable
       for the conduct of Defendant, DESPAIN.

55.    As a result of Defendants' conduct, Plaintiff has sustained financial losses, mental
       and emotional distress, and have been damaged in an amount in excess of Ten
       Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest
       allowed by law.

56.    The conduct of Defendants was intentional, willful, malicious, and in reckless
       disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in
       nature to warrant the imposition of punitive damages.

## FIFTH CAUSE OF ACTION
## CONSTRUCTIVE FRAUD AND
## NEGLIGENT MISREPRESENTATION

57.    Plaintiff adopts and incorporates by reference paragraphs 1 through 56 above as if

10

fully plead herein, and for further claims against the Defendants and alleges as follows:

58.    Defendant, DESPAIN had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiff of insurance coverage options.

59.    Defendant, DESPAIN breached his duty to Plaintiff by misrepresenting to Plaintiff as follows:

   a.    That the insurance procured was truly one of "replacement."

   b.    That the amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiff's dwelling.

   c.    That the amount of coverage procured would provide the coverage necessary for Plaintiff to replace her property in the event it was destroyed by a covered event.

   d.    That the insurance policy procured would comply with Plaintiff's reasonable expectation that the property would be restored to its pre-loss condition in the event of a covered loss.

60.    That as a result of Defendant, DESPAIN's breach of duty, Defendant, DESPAIN gained an advantage to the prejudice and detriment of Plaintiff.

61.    Defendant, DESPAIN misrepresented the nature of the insurance policy procured for Plaintiff.

62.    Defendant, DESPAIN misrepresented the policy as one which was necessary to provide appropriate and adequate coverage for Plaintiff's dwelling and personal property.

63.    Defendant, DESPAIN misrepresented the policy was one which was in an amount

necessary to replace Plaintiff's property in the event it was destroyed by a covered event.

64. Defendant, DESPAIN'S misrepresentations constitute constructive fraud.

65. Plaintiff was induced to accept and purchase the Defendant, SHELTER MUTUAL policy of insurance by Defendant, DESPAIN'S misrepresentations and constructive fraud.

66. Plaintiff was misled by Defendant, DESPAIN'S misrepresentations and constructive fraud.

67. The Defendant, DESPAIN was an agent and/or an ostensible agent of Defendant, SHELTER MUTUAL for purposes of these misrepresentations, and as such the Defendant, SHELTER MUTUAL is vicariously liable for the conduct of Defendant, DESPAIN.

68. As a result of the Defendants' misrepresentations and constructive fraud, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

69. Plaintiff is further entitled to reformation of the insurance contract to provide coverage consistent with the Defendant DESPAIN'S misrepresentations and her reasonable expectations.

70. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and/or was grossly negligent, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
## NEGLIGENCE UNDERWRITING

71. Plaintiff adopts and incorporates by reference paragraphs 1 through 70 above as if fully plead herein, and for further claims against the Defendants and alleges as follows:

72. At the time the insurance policy was sold to Plaintiff, Defendants were obligated to utilize reasonable valuation methodology to determine the costs which Defendants considered necessary to cover the replacement costs of Plaintiff's dwelling. As such, Defendants were then prohibited from writing a policy for more insueance than they considered necessary to cover the replacement cost of Plaintiff's dwelling as determined at the time the subject policy was written.

73. Thereafter, Defendants owed a duty to Plaintiff to exercise good faith, reasonable case, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insurer-insured relationship was established.

74. Defendants breached their duties to Plaintiff to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiff's property.

75. Defendants' breach resulted in both inconsistent and inaccurace replacement cost valuations whereby the Plaintiff paid premiums for policy limits that did not accurately reflect the risks insured.

76. Defendants further breached their duties by automatically applying Defendant, SHELTER MUTUAL'S annual inflationary adjustments which were utilized to increase Plaintiff's policy limits and premiums without regard to whether or not the inflationary adjustment increase was necessary in relation to the dwelling's

13

valuation at the time.

77.   The conduct and inconsistencies referenced herein violate Defendants' duties of good faith and fair dealing implicit in the insurance contract with Plaintiff and other Oklahoma policyholders.

78.   Defendants' obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code and Defendants' failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes unfair claims handling.

79.   Defendants' conduct referenced herein constitutes a breach of this duty of good faith and fair dealing which is inherent in all insurance contracts within the State of Oklahoma.

80.   Defendants' failure to procure the proper insurance product morally and legally requires it to be held to a duty of reasonable care, and that the burden of the resulting liability for breach of this duty be imposed upon them. This duty exists to foreseeability of the harm to Plaintiff which could occur as a result of failure to underwrite or procure adequate and appropriate insurance; the procurement of inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiff; and the moral blame for the failure to procure and underwrite the current policy lies with the Defendants.

81.   Further, the burden on the Defendants of imposing a duty to exercise care in procuring and underwriting the correct insurance policy for the needs of the insured (with resulting liability for breach thereof) is minimal given the expertise and uneven bargaining power of the Defendants, and Defendants' representations

14

of being an expert in the field of providing insurance to the general public, such as Plaintiff.

82.    Plaintiff relied on Defendants to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate and adequate coverage.

83.    Defendants breached their duties owed to Plaintiff by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiff that did not provide appropriate and adequate coverage to Plaintiff.

84.    As a result of the Defendants' conduct, Plaintiff has sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

85.    The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and/or was grossly negligent, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT

86.    Plaintiff adopts and incorporates by reference paragraphs 1 through 85 above as if fully plead herein, and for further claims against the Defendants and alleges as follows:

87.    Plaintiffs bring forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

88.    At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.

15

89.  Defendant has violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

(1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiff wase a consumer of insurance services or products of Defendant, and Plaintiff would show that Defendants' violations as set forth above, constitute a violation of the Oklahoma Consumer Protection Act, causing Plaintiff damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendants have engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received.

### EIGHTH CAUSE OF ACTION
### BREACH OF COMMON LAW
### DUTY OF GOOD FAITH AND FAIR DEALING

90.  Plaintiff adopts and incorporates by reference paragraphs 1 through 89 above as if

fully plead herein, and for further claims against the Defendants and alleges as follows:

91.     Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

92.     Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

93.     Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

### PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendants, SHELTER MUTUAL, BEST and DESPAIN, for:

a.      Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to her property caused by the April 17, 2013, hailstorm, together with interest on all amounts due;

b.      Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c.      Disgorgement of the incureased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

d.      Actual and punitive damages each in an amount in excess of Ten

Thousand Dollars ($10,000.00); and

e.     Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

Phillip N. Sanov, Esq.
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

*ATTORNEYS FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**

18